**MEDINA LAKE PROTECTION ASSOCIATION, et al., Relator,**

v.

**BEXAR–MEDINA–ATASCOSA COUNTIES WATER CONTROL AND IMPROVEMENT DISTRICT NO. 1, Respondent.**

No. 04–82–00164–CV.

Court of Appeals of Texas, San Antonio.

April 21, 1982.

Seagal V. Wheatley, Edward M. Lavin, San Antonio, for relator.

Robert Wilson, Marc O. Knisely, Austin, for respondent.

Before ESQUIVEL, CANTU and CLARK, JJ.

## OPINION
PER CURIAM.

This is an original temporary injunction proceeding. Pursuant to Tex. R. Civ. P. 383, relator Medina Lake Protection Association, et al., sought to enjoin respondent Bexar-Medina-Atascosa Counties Water Control and Improvement District No. 1 from (1) taking any action, or causing any action to be taken by any other party, or (2) closing the roadway across the Medina Lake Dam Spillway to the public in any fashion, pending a final decision in the direct appeal involving this matter filed in this Court in cause number 04–81–00363–CV, Medina Lake Protection Association, et al. v. Bexar-Medina-Atascosa Counties Water Control and Improvement District No. 1.

The thrust of relator's request for relief centers upon this Court's power to issue an injunction to protect its appellate jurisdiction, by preserving the subject matter of the litigation, pursuant to Tex. Rev. Civ. Stat. Ann. arts. 1819 and 1823 (Vernon Supp. 1982) and Tex. R. Civ. P. 383.

In the litigation which gave rise to the appeal in 04–81–00363–CV, relator brought suit for declaratory judgment against respondent to (1) declare the roadway on the surface of the Medina Dam and the Medina Lake Spillway to be a public roadway by implied dedication, and (2) restrain respondent from enforcing its rules and regulations thereby closing the said roadway.

On September 28, 1981, in cause number 8389–A, the District Court entered judgment declaring that the Medina Dam and the Medina Lake Spillway are owned in fee simple by respondent and that the surface of the dam and spillway is not a public roadway. Relator has appealed the portion of the judgment which held that the roadway of the dam and spillway was not impliedly dedicated to the general public. Currently, the appeal in cause number 04–81–00363–CV has been filed but has not been scheduled for oral argument. By resolution dated April 5, 1982, respondent proposed that effective April 21, 1982, the surface of the Medina Dam and the Medina Lake Spillway would be permanently closed to vehicular traffic except that (1) agents, employees and authorized employees of respondent could continue to make such use of the roadway as necessary for respondent's purposes; (2) passage would be permitted on the roadway to the owner of the property located at the west end of the Dam; and (3) special permission would be granted to all others for temporary passage in the case of an emergency.

Relator presents this original application for the issuance of an injunction restraining respondent from permanently closing the roadway to public access in compliance with respondent's resolution of April 5, 1982.

The subject matter involved in the appeal in cause number 04–81–00363–CV is the status of the surface roadway over the Medina Dam and Medina Lake Spillway as a public road or a private road. The title to the fee in the dam, the spillway and the land is undisputed; however, relator· is seeking in the appeal to declare public access to the roadway through a theory of implied dedication. We see no threat to our jurisdiction by the proposed action of respondent. Specifically, we do not perceive the limited actions specified in the resolution of April 5, 1982 as constituting any threat of removal or destruction of the dam or spillway as a road. Therefore, we find from the facts before us that the subject

matter of the appeal, i.e., whether the road is a public or private road, will not be destroyed, nor will it render any judgment we may enter in the appeal moot. We would point out, however, that our decision is based expressly upon our understanding, from the record before us, that there will be no alteration or destruction of the physical roadway as it existed at the time this court's temporary restraining order was issued on April 12, 1982, except for the placement of lockable gates at each end of the disputed roadway, pursuant to the resolution of April 5, 1982. We do not, therefore, foreclose the possibility that other or additional actions involving changes in the physical roadway might constitute a threat to the jurisdiction of this court. Accordingly, the petition of relator for an injunction is denied.